I see that Lieutenant Buck Bates is already here, although we would be a little bit early if the party wants to proceed with the hearing. I will get ready to go. Brian Drew on behalf of the appellant, James Tennyson, counsel. May it please the court. My name is Brian Drew. I represent the defendant appellant, James A. Tennyson, in this case. This case originated from a charge of possession of a stolen vehicle, which is a Class II felony in Jefferson County here in the state of Illinois. He proceeded to waive jury trial and went to a bench trial where he was convicted by the court and ultimately sentenced to three years in the Department of Corrections. My argument deals with two factors as it relates to his underlying conviction. First, as it relates to taking into the factors and the like most favorable to the prosecution, that the finding of guilt by the court was improper based on the status as well as the standards that are set forth therein. In addition to that, the court improperly considered the state's motion of other crimes evidence under Rule 404B. In this instance, the defendant was found at a home in Williamson County with a vehicle out front. There was an individual's home who he was at, who he had had a relationship with before, and that was dealt with in the trial court as to no impeachment, but at least some of the credibility was questioned as it relates to her belief or understanding that the defendant stated, well, I stole a car in another county. While he's there, she did call the police. The police did arrive. The officer in question testified that, in fact, they ran the plates on the car. It was not reported stolen. It had not been reported stolen at the time. But once Mr. Tennyson's name had been run, that there was, in fact, a warrant for his arrest outstanding. And so when that happened, the officer went to grab his arm, at which point in time Mr. Tennyson fled. And he did, in fact, flee at that point in time. In the underlying case of the possession, unlawful possession of a stolen vehicle, that evidence was allowed in, and if we look at some of the court's statements, the court gave great deference to that, that it had a tendency to show the propensity for guilt or his belief or understanding of guilt. The problem with the court taking that into consideration and weighing heavily upon it in reading the court's finding is that, in this instance, he wasn't being questioned about stealing a car or possessing a stolen vehicle. That wasn't the inquiry of the officer at the time by the officer's own testimony at trial. The inquiry was about the fact that he was there, the person who owned the home had called the police because he was present, and then upon running his name, that he had a warrant for his arrest. And so that, at best, in this instance, it would be an understanding of Mr. Tennyson that he had a warrant for his arrest for something else, and he ran from the police when that took place. But I don't think it's proper of the court to take that into consideration and use the language that the court used as it relates to that. Other crimes evidence in saying, well, the fleeing proof of flight is admissible as evidence of guilt for good reason. And then the court cites proverbs as well. No problem with citing the proverbs, but talking about that. The problem is the underlying issue as it relates to the proof of flight has a tendency to be admissible of guilt. And in this instance, he didn't flee because he was accused of the crime. It was a previous warrant that he had. So I think the court weighing heavily upon that is improper. In addition to that, when we look at it, we do have the issue of the fact that he did not admit to the police that he had, in fact, stolen the vehicle. In fact, he told the police that he had been involved in a domestic and he had to flee because he was in fear or his safety was at risk at that point in time. They had no evidence of him driving the vehicle or having had actually possession of the vehicle at the time. When the police got there, he was not in the vehicle. The owner of the house stated there was a tan to gold colored car sitting outside, but did not give a real good explanation as to how that came to pass. So we believe for those reasons that the finding of guilt by the trial court was improper and that it should be overturned based on the standards set forth in our brief. Finally, he did proceed to a sentencing hearing, at which point in time, obviously the standard there is abuse of discretion. Greatly at variance with the spirit and purpose of the law are manifestly disproportionate to the nature of the offense. Simply that is the standard that's set forth. But when we look at this, the defendant in this instance was a veteran, suffered from PTSD. His sister testified that he had spent four or five different times in mental health institutions, that he had a great deal of difficulty. He suffered from schizophrenia and had all of those there. The trial court even found that his mental health was a factor in his mitigating in terms of his sentence. And considered that, although in the pre-sentence investigation report, the PSI simply says that the defendant was alert, did not even cite all of these things that we believe they had inference, had knowledge of, and that the defense had to bring those out under those circumstances. But so having all that in consider, we think the three-year sentence is too harsh. But what also the court did was actually sat down and did basically a running discussion of the court's thought process, which rarely do you get the court's thought process of what they're thinking in a sentencing. You usually get the factors, mitigation and aggravation, and then you get the sentence. But in this instance, the court actually did a flowing, running discussion of what his thought process was. And in that, it's very enlightening because the court was discussing the fact that the defendant had spent a considerable period of time of pre-trial incarceration. And that if the court were to give him 180 days in jail or probation, he would basically be out, and then he would get to leave. So in reviewing that, the court did properly cite that probation is what the proper sentence or the one you should look at first. But then went through this long discussion openly in the court discussing the fact that he had spent so much time in pre-trial incarceration and that it wouldn't be right for him to just get out at this point in time because of his long pre-trial incarceration. So we would argue that that is improper, that the court looked at this and wasn't taking into account the deterrence of future crime or that as to the punishment of what happened here to deter others, or that the crime itself necessarily deserved and was deserving of someone getting three years in the Department of Corrections for the time itself. So Mr. Drew, do you have any citation to case law that would suggest that the pre-trial incarceration is improper? Well, we cited the pre-versus-due, which says the court has to consider probation and has been overturned. And in this instance, we say that the court didn't consider probation because the court looked at his pre-trial incarceration and determined that. So that's the case that we have cited to try to say that that is the way to appropriately review that. But as far as directly having that, we just believe that the court didn't take into consideration the mitigating and aggravating factors properly by looking at this and determining that that was a good reason to sentence him to a longer sentence or sentence him to prison other than periodic imprisonment or probation or otherwise. Based on his criminal history, based on his mitigating factors of having a circumstance of having mental health issues, in addition to that, there was no harm or violence to anyone in this case. So respectfully, we would ask the court to overturn the conviction of the defendant. And in addition to that, to find the sentences being improper and to either reduce it or to return it back to the court for re-sentencing. Thank you. Thank you, Mr. Drew. Any questions? Thank you. Thank you. We'll have an opportunity for a rebuttal. Counsel, correct please. Good morning, Your Honors. This is Hiram Fenjack with the State's Appellate Prosecutor representing the people in this case. With respect to the defendant's sufficiency of the evidence challenge, when viewed in the light most favorable to the people, the evidence was more than sufficient for a rational prior fact to find the defendant guilty beyond a reasonable doubt of unlawful possession of a stolen vehicle. The evidence of the defendant's guilt included the fact that he appeared at Priscilla Wazowski's residence, an individual he had not seen in 10 years, along with the stolen vehicle, which had been stolen less than 24 hours earlier in the same area. Wazowski also testified that when she asked the defendant how he arrived at her home, he first said she didn't want to know. Then he explicitly admitted he had stolen the vehicle from another county. Her testimony was corroborated by her contemporaneous text messages to an acquaintance where she requested police assistance and then identified the defendant by name and reported he had arrived in a stolen beige Buick LeSabre. Further evidence of the defendant's guilt included the fact that his clothing matched individuals seen on the truck stop surveillance video from the previous evening, as well as his flight from Deputy Parks after Parks attempted to place him under arrest. Last, the defendant sent a message while incarcerated stating that either way he was going to lie and deny everything. Therefore, the cumulative weight of the evidence was more than sufficient for a rational prior fact to have found the defendant guilty. This was benched on the trial, correct? Correct. Turning to the defendant's challenge to the other crime's evidence, I'd like to note that this issue was forfeited by the defendant's failure to raise it in a post-trial motion. Furthermore, on appeal, the defendant did not acknowledge this forfeiture of this issue and did not ask this court to review the matter under the plain error doctrine, therefore forfeiting it for consideration on appeal. Regardless of the fact that the defendant has forfeited review, the evidence of the defendant's flight from the deputy was properly admitted in this case. His immediate flight when Parks attempted to arrest him with a stolen vehicle nearby in the driveway was relevant in demonstrating a consciousness of guilt for the charged crime. The fact that the warrant was for a different offense does not affect that analysis. The defendant did not know what was in Deputy Parks' mind when he received the ping on his radio and the fact that the stolen car was right there and he was being questioned by it is probative on the fact that it goes to the consciousness of guilt of the defendant. The flight evidence was also admissible in order to provide context in explaining why the defendant wasn't immediately arrested after being found with the stolen vehicle and in placing the defendant in proximity to the stolen vehicle at a critical point in time. Lastly, regarding the defendant's challenge to his sentence, the trial court did not abuse its discretion in imposing a minimum three-year term of imprisonment. The defendant's sole argument that the court's mention of jail credits shows it rejected probation for improper reasons is meritless. Rather, the record demonstrates that the court properly complied with the relevant section of the Unified Code of Corrections by explicitly finding that probation would deprecate the seriousness of the conduct and would be inconsistent with the ends of justice. This finding was well supported because the defendant committed this offense while on probation for another felony. He had a pending revocation petition and the court reasonably concluded he would not successfully complete a term of probation. Therefore, given the substantial deference owed to the trial court in sentencing and the fact that a minimum sentence was imposed, this court should affirm the defendant's sentence. And unless you have any other questions, I would just urge this court to affirm the defendant's conviction and sentence. Thank you. Mr. Drew, out of the gate, will you address the court for jury issues? I will. Thank you. As it relates to that, I was not the trial counsel nor on the motion for new trial. When one reviews the motion for new trial, there is not an explicit statement about the other crime's evidence, but there is assertions that the evidence was insufficient or that improper for the defendant to be found guilty. Now, as it relates to the underlying motion of allowing it in, there was not an express listing in the motion for that. But it was taken into consideration by the court as that evidence, and we believe the evidence itself was insufficient based on the factors that are set out. In the case, by what the defendant was actually being questioned about at the time, that the court gave him such great deference to his plea, which the court talks about and even cites to scripture to cite that it's good and useful to have that as evidence of guilt, is that the court gave too much weight and used that as too much of a factor under the circumstances based on the actual evidence that was presented, which is the fact that in this instance, the defendant was not being questioned about a stolen car at the time. He was being taken into custody for a prior offense and a warrant that was outstanding at the time. So even under those circumstances of the issues with the underlying factors of counsel and not placing that in the actual motion, I think it is still an unwarranted amount of time and credibility given to that by the trial court in coming to a finding of guilty under the circumstances. Thank you. Thank you. Thank you.